**DOUG GRIFFITH (SBN 185333)**
doug.griffith@fitzhunt.com
**BRIAN T. MAYE**
**(Pro Hac Vice forthcoming)**
brian.maye@fitzhunt.com
Fitzpatrick, Hunt & Pagano, LLP
633 West Fifth Street, 60th Floor
Los Angeles, CA 90071
Tel.: (213) 873-2100

Attorneys for Defendant,
FRONTIER AIRLINES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE HEITING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.   2:25-cv-1375<br><br>**DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT**<br><br>Complaint Filed:  1/15/2025<br>Complaint Served: 1/17/2025 |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1146, and 1453, FRONTIER AIRLINES, INC. (hereinafter "Defendant"), by and through its undersigned counsel, hereby provides notice of removal of the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District for the Central District of California, Los Angeles Division. In support of this

Notice of Removal to Federal Court ("Notice of Removal"), Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On January 15, 2025, Plaintiff Anne Heiting (hereinafter "Plaintiff") commenced an action (the "Complaint") in the Superior Court of California, County of Los Angeles, captioned *Anne Heiting v. Frontier Airlines, Inc.*, Case No. 25STCV01092 (the "State Court Action"). Plaintiff is asserting a cause of action under the "Trap and Trace Law" provision of the California Invasion of Privacy Act ("CIPA"), codified in Cal. Penal Code 630, *et. seq.*

2. CIPA extends civil liability against violators who utilize surveillance technology, providing a private cause of action. Plaintiff maintains that the Defendant used such a trap and trace software by deploying a TikTok software on their website designed to capture phone number, email, routing, addressing and other signaling information of the site's visitors.

3. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders served on Defendant in Los Angeles County Superior Court are collectively attached hereto as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on the Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Superior Court of

California, County of Los Angeles.

## II.   JURISDICTION

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse, the amount in controversy exceeds $75,000.00, and no defendant is a citizen of the State of California.

## III.   MINIMAL DIVERSITY OF CITIZENSHIP

6.   <u>Plaintiff's Citizenship</u>. For Diversity purposes, a person is deemed a "citizen" of the state in which they are domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A domicile is considered to be a person's permanent home, where she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 704 F.3d 853, 857 (9th Cir. 2001). In her Complaint, Plaintiff maintains that she is a citizen of California, residing in Los Angeles County. (Plaintiff's Complaint, ¶ 7.) Defendant is informed and believes that Plaintiff was a citizen of California at the time of filing and remains a citizen now.

7.   <u>Defendant's Citizenship</u>. A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). For diversity purposes, a corporation's principal place of business refers to where a corporation's officers direct, control, and coordinate the

corporation's activities, and is typically where the corporation maintains its headquarters. *Id.* at 851. Defendant is a corporation formed under the laws of Colorado, with its headquarters maintained in Denver, Colorado. Therefore, Defendant is not a citizen of California where the Plaintiff is domiciled.

### IV.   AMOUNT IN CONTROVERSY

8.   Removal is appropriate under 28 U.S.C. § 1332(a) when it is more likely than not that he amount in controversy exceeds the jurisdictional requirement of $75,000.00. *See Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Cain v. Hartford Life & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012). The ultimate inquire is what amount is in controversy, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9.   Plaintiff alleges harm arising from the alleged use of a trap and trace process on Frontier's website, requesting injunctive relief from Defendant's use of trap and trace processes, disgorgement of the data they argue has been provided to

DEFENDANT'S NOTICE OF REMOVAL
-4-

TikTok, statutory damages under the CIPA, and punitive damages. These damages reasonably could exceed the $75,000.00 threshold.

10. Plaintiff alleges that Defendant violated CIPA, and as such they are entitled to statutory damages. Such damages are determined by the greater of $5,000 per violation or three times the amount of actual damages. A separate violation of CIPA occurs every time a Plaintiff's privacy has been violated. *See Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (2nd Dist. Ct. App. Jul. 3, 2003). Therefore, based on statutory damages alone, multiple violations alleged would satisfy the amount in controversy.

11. Punitive damages too are sought by Plaintiff in relation to the alleged violations of the CIPA. Courts balance a variety of factors when considering the proper amount of punitive damages, in part considering the "wealth" of the defendant. Here, Defendant is an air carrier that flies to hundreds of destinations in the United States and internationally, and the statutory amount of $75,000 is likely not to be considered an economic hardship. Further, California courts have awarded punitive damages in CIPA/Invasion of Privacy claims that easily exceed the amount in controversy requirement. See *Doe v. Lee*, 79 Cal. App. 5th 612 (3rd Dist. Ct. App. May 13, 2022) (Court awarded punitive damages exceeding $230,000 for invasion of privacy). Therefore, under punitive damages as well, Plaintiff's claim likely exceeds the statutory requirement for diversity.

12. Finally, Plaintiff also seeks injunctive relief, seeking to bar Defendant's alleged use of trap and trace technology, as well as a complete disgorgement of the data they have allegedly provided to Tik Tok, a time period which could span a period of years. Cost of compliance of such injunctive relief would likely impose a significant burden, both in terms of work hours and monetary cost to Defendant. Given the cost of production and loss of production in their core business, the economic cost of compliance could also surpass the statutory minimum.

13. This action is properly removed because there is complete diversity. Defendant is incorporated in Colorado and maintains its principal place of business in Colorado. Meanwhile, Plaintiff is a citizen of and is domiciled in California, the state in which the action was brought. Finally, the Plaintiff's claims against the Defendant place more than $75,000.00 in controversy.

### V.   TIMELINESS OF REMOVAL

14. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendant has filed the Notice of Removal within thirty (30) days of service of the Summons and Complaint, which occurred on January 17, 2025[1]. The Summons and Complaint were the first pleading served on Defendant in connection with this action. As such, the timeline for removal provided in section 1446(b) did not

---

[1] Pursuant to Rule 6(a)(1)(C), the 30-day period to remove this matter was extended until February 18, 2025, because of the legal holiday on February 17, 2025.

commence until Defendant was served with the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); 28 U.S.C. § 1441(b)(3).

## VI. VENUE AND INTRADISTRICT ASSIGNMENT

15. The United States District Court of the Central District of California is the federal court embracing the Superior Court of California, County of Los Angeles, which is the place where the original action was filed. Thus, Frontier properly seeks to remove this action to this Court. See 28 U.S.C. § 1441(a).

## VII. RESERVATION OF RIGHTS AND DEFENSES

16. Defendant expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses.

DATED: February 18, 2025	FITZPATRICK, HUNT & PAGANO, LLP

By: *Doug Griffith*
Doug Griffith
Brian Maye
Attorneys for Defendant,
Frontier Airlines, Inc.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document has been electronically filed and sent to Plaintiff through Clerk of the U.S. District Court for the Central District of California by using the CM/ECF system on this 18th day of February, 2025. A copy was also sent to Plaintiff's counsel at the following address:

Wendy Miele (SBN 165551)
wmiele@taulersmith.com
Camrie Ventry, Esq. (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017

By: *Doug Griffith*