Electronically FILED by
Superior Court of California,
County of Los Angeles
1/15/2025 5:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

Wendy Miele (SBN 165551)
wmiele@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ANNE HEITING, an individual<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC., a Colorado corporation; DOES 1 through 25, inclusive<br><br>Defendant. | Case No. 25STCV01092<br><br>**COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW**<br><br>**(CAL. PENAL CODE § 638.51)** |

COMPLAINT

## I. INTRODUCTION

1. Defendant Frontier Airlines, Inc. ("Frontier" or "Defendant") provides airline services. The Company offers services, which include corporate programs, groups and charters, frontier cards, best care club, cargo, and travel agents. As part of Defendant's marketing regime, Frontier has partnered with TikTok to install sophisticated software on its landing page to learn the location, source, and identity of consumers who happen to land on their website.

2. Plaintiff Anne Heiting ("Plaintiff") visited Defendant's website on January 29, 2024. Without Plaintiff's knowledge or consent, Defendant deployed a de-anonymization process to identify Plaintiff using electronic impulses generated from Plaintiff's device, as further described herein. Defendant's installation of the TikTok tracing process violates California's Trap and Trace Law, codified at California Penal Code § 638.51.

## II. JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court because the amount in controversy is within this Court's jurisdictional limit.

4. Defendant has sufficient minimum contacts in the State of California or otherwise purposefully avails itself of the California market. Exercising jurisdiction over Defendant would be consistent with traditional notions of fair play and substantial justice.

5. Defendant is also subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."

6. Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b) because the Defendant is not a resident of California.

## III. PARTIES

7. Plaintiff is a citizen of California residing within Los Angeles County.

8. Defendant Frontier Airlines, Inc. is a Colorado corporation with its principal place of business at 4545 Airport Way Denver, CO 80239.

9. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE

1  DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## IV.  FACTUAL ALLEGATIONS

### A.  Defendant's Website and the Tik Tok Software.

11. Frontier Airlines, Inc. is an airline in the industry, offering domestic and international flight services, as well as travel-related products such as hotel and car rental deals and vacation packages. Defendant operates https://www.flyfrontier.com (the "Website"). Defendant has installed software created by TikTok on its website to identify website visitors (the "TikTok Software").

12. The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

13. The TikTok Software gathers device and browser information, geographic information, referral tracking, and url tracking by running code or "scripts" on the Website to send user details to TikTok.

14. The TikTok Software begins to collect information the moment a user lands on the Website. Thus, even though the Website has a "cookie banner" the information has already been sent to TikTok regarding the user's visit.

15. Additionally, since Frontier has decided to use TikTok's "AutoAdvanced Matching" technology, TikTok scans every website for information. Thus, when the website asks for information,

such as name, date of birth, and address, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted.

16. The TikTok Software runs on virtually every page of Frontier's website. An image of the code, as it appears side by side (and simultaneously) with the TikTok AutoAdvanced Matching tracking code Frontier has placed on the page, can be seen here:



17. The Frontier website instantly sends communications to TikTok when a user lands, and every time a user clicks on a page. In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



### B. The TikTok Software is a Trap and Trace Device.

18. California Penal Code § 638.50(c). California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

19. The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the website is collaborating with the Chinese government to obtain their phone number and other identifying information.

20. The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed solely to meet this objective.

21. Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

22. CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; see also, *Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023).

23. Defendant did not obtain Plaintiff's express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

### FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

24. California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq*.

25. CIPA was enacted due to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of personal liberties." CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

26. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c).

27. California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

28. Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website.

29. Defendant did not obtain consent from Plaintiff before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

30. CIPA imposes civil liability and statutory penalties for violations of §638.51.

31. Therefore, Plaintiff is entitled to injunctive relief and statutory damages under California Penal Code § 637.2 and the equitable relief prayed for herein.

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. An order enjoining Defendant's conduct as alleged herein and ordering disgorgement of data provided to TikTok through the TikTok Software;

2. Statutory damages pursuant to CIPA;

3. Punitive damages;

4. Reasonable attorneys' fees and costs; and

5. All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: January 15, 2025                                TAULER SMITH LLP

                                        By:   /s/ Wendy Miele
                                              Robert Tauler, Esq.
                                              *Attorneys for Plaintiff*
                                              *Anne Heiting*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: January 15, 2025                         TAULER SMITH LLP


                                    By:   /s/ Wendy Miele
                                          Robert Tauler, Esq.
                                          *Attorney for Plaintiff*
                                          *Anne Heiting*